Good morning, my name is John Rhodes. I'm in the Missoula office of the Federal Defenders of Montana. I represent Juan Camarena. I would like to reserve two minutes. The generic gain condition here is overbroad, it's vague, and it's a greater deprivation of liberty than necessary. This court's case law approves of conditions specifying the prohibited criminal street gain. The Second Circuit recognizes standard in green, citing this court's decisions in Vega and Soterra, where the specific gains were prohibited as the governing standard. The most analogous on-point case is the Eighth Circuit's June 2018 opinion in Washington, which invalidated a condition that only used the word gain, which is the same condition that we have here. Washington was not plain error review. I believe this is purely a legal question, and so I think this can be subject to de novo review. If it's a purely legal question, then wasn't it no, WAVE would be a knowing, intelligent, informed relinquishment of a right. At most, it was forfeited. All right, I'll accept that semantic difference. Good point. Why wasn't it forfeited? We believe, we objected to the condition in the PSR, and then we objected in our sentencing brief. What you objected to was your client did not want, he wanted to make it clear he wasn't a member of MS-13, and that he wasn't a member of the Sereños, but you didn't, I don't, show me specifically where you objected to this condition. No, I was going to concede at the end of the sentencing after the judge created this new condition that wasn't in the PSR that I failed to object. So if we're started by noting that this court has approved, repeatedly, conditions that specify the specific gang, and or use the congressional definition, or congressionally defined term, criminal street gang. Well, you seem to say that I think you, in your 28J letter, said that the United States versus many white horses supports your argument that the condition here should be reviewed de novo, but there the court reviewed de novo the legal authority of the district court to impose the condition, because the defendant argued that the geographic restriction diminished the sovereignty of the Blackfeet Nation. However, the court still reviewed the condition itself for abuse of discretion, so I'm having a hard time understanding how that stands for the proposition that you're entitled to de novo review. Here, we are not arguing that a specific gang condition, and specifically it'd be Serrano's, would be lawful. So we're not saying there shouldn't be a specific precise gang condition. That would be, if we were making that argument, that there should be no gang condition, then there would be abuse of discretion review. We are challenging the vagueness and overbreath and the greater deprivation of liberty that's inherent when the only word used is gang. So are you worried that the Boy Scouts will be a gang, or what are we worried about here? Yep, the Boy Scouts could be a gang, the Gas House gang, there's a gang of eight in Congress. The word gang has meanings far beyond criminal street gang. My Boy Scout troop was clearly a gang, there's no question about it. Supposing the judge had said criminal gang, but not specifying a particular, you know, the Bloods or the Crips or whatever, would that satisfy you? I think the better phrase would be criminal street gang, since that's statutorily defined, and the court in Solterra even referred to criminal street gang as slightly more amorphous. I think the best standard and the legal standard based on this court's authority is to identify the gang. And to Mr. Camarena, if he had been prohibited from associating with the Serrano's, he used to be a member of the Serrano's. Okay, you didn't object, so if it is plain error, and I said it didn't come up for plain error, your client's in prison for quite a long time, and then when he gets out, what prevents him from talking to his probation officer and saying, I want to make sure I exactly understand, you know, let's talk about everything, and why isn't that the remedy here, as opposed to something you didn't see worthy of objecting to in the district court? He's hanging around with street gangs in prison, I'm sure you know that, probably on a daily basis. That's the reality of the prison situation. With respect to letting the probation officer clarify what the condition means, Solterra, lots of cases speak to that, then the judge, the district court, this court, Article 3 officers are delegating their authority to the probation officer, and the reality is, the probation officer is going to rely on the U.S. Attorney's Office to file any petition to revoke, so in essence, the lack of notice is at best delegated to the probation officer to provide clarity, but the reality is, it's ultimately transferred to the Article 2, to the executive branch, to the police authority, and that's exactly why this condition is problematic. With respect to... We have other case law speaking to that, it's not quite that black and white. We have other case law, we have the Nerkey case acknowledging that in the end, for almost any condition, there's some give-and-take, there's some need to rely on people interpreting the term reasonably, so I don't think that case law is as black and white as you're recalling it, but I am, since your time is ticking, can I just ask you, if I decide for just my own vote that this is plain error of you, what is your very best argument? There's no doubt that it substantially affects Mr. Camarena's rights, because the standard in Molina's Martinez, the Supreme Court decision reviewing guidelines there, said that  probability that but for the error, the result, the proceedings would have been different. Well here, but for the error, if the judge had said Serrano's, there's no doubt the proceedings would have been different. So without the error, we know the results would have been different. It's not a matter of probability, it's a factual certainty, and then that gets to the other Supreme Court case recently on plain error review. It affects the reputation, integrity of the judiciary, again going to the point transferring its authority to the probation office, or even worse, to the executive branch, especially when it's something so easily corrected. So do you want us to say the Serrano's, the Norteño's, the Mexican Mafia, the, you know, the Nuestra Familia, and then if any new gangs come up in the meantime, which they surely will, then it wouldn't be covered? What's covered is the Serrano's. There's no evidence that Mr. Camarino's ever associated with any other. Well, but do you think that the condition, if it says, if it said criminal street gangs, do you think he could associate with the Norteño's? I don't think so. Let's say it didn't say criminal street gangs and all it says is Serrano's, if the probation officer becomes aware of facts that would support imposing that condition, then it becomes a discretionary decision with the district court. Here, we have a prohibition. So you think that condition is he just can't associate with the Serrano's? You think that's what that district judge meant to say? I don't know what the judge meant to say. All I know is the judge imposed an overly broad, vague conditions that deprise liberty more than necessary, and we have to go with the words. We can't go with what we think. So he can associate with the Norteño's? I'm saying if he was, and this probation officer became aware of that, there's a provision under 3583 to modify the conditions of release. The probation office could institute those proceedings and the district court could exercise its discretion to determine if the facts support the extension of what I think should be the condition, the Serrano's conditions, to other specified gangs. All right. You have a, well, I'll give you a minute for rebuttal. Thank you, Your Honor. Thank you. All right, Mr. Tatarka. Thank you, Your Honor. Tim Tatarka of the District of Montana on behalf of the United States. I think this is a case where the standard of review really is important. If this issue would have been raised at the time, I guarantee you the United States wouldn't have objected to a gang, which parallels the language in Evans or language saying a criminal gang as opposed to a gang as far as that goes. But an objection was not made and there simply is not plain error here. I think the Boy Scouts are a gang. Part. Do you think that would you violate him for joining the, would you violate him for joining the Boy Scouts? No. The clear intention here is to go after, is because Mr. Camarena had experience with criminal gangs and that's the focus here. As we noted, there are definitions of gang that include criminal. The definition we gave from the Oxford Dictionary is a gang as a criminal organization. We think that's the appropriate and the reasonable measure of how this would be applied. The question here isn't whether or not there's any intent to go beyond criminal gangs. The question is, is there really any practical, any confusion in terms of the application of this term? And the court didn't find that to be a concern in Evans when it was, when, with the term any other gang. But that term wasn't there, right? In Evans, the term wasn't read in isolation. That's the problem that you've got. It was, it was married to a specific gang. So that provides context under our canons, right? Well, it, but the fact remains, yes, you're right. It was, it was not in isolation. So I don't know, I don't understand, and maybe this is not something you're in a position to respond to, but let's assume that, you know, in this case, it's not plain error or whatever. But you just told me that the government would have been happy with something like criminal gang or criminal street gang, and at least the latter has a statutory definition. So why hasn't the government done that, at least in your district, on a, on a routine basis? I, I can't, I guess I'm not clear what you mean in terms of, are, are you not, at least, certainly it is true in my district, so I'm suspecting it's true in your district, that the government is still using the general term gang as a restriction, even though it has the ability to easily change that and make it much clearer. Well, just, just to clarify, in terms of the record here, this didn't come on a recommendation from the United States. This was the term that the, the court used. I think, I think the way that factually it came out was the, the original proposal from the probation office was not associated with the Sirenios or MS-13. He objected to his connection with, with MS-13. I think the district court was saying, look, my concern is, is with respect to all of these gangs. And so, and so the judge. Thank you for clarifying. Yeah, no, no, that's, that's, that's helpful. That is different from the situation in my district. So thank you very much for clarifying that. Sure, your honor. And just to, to, to clarify briefly with respect to the, the plain error here. The appellant focuses a lot on, on, on the third and fourth prong plain error issues. We, we think this is, is clearly a, a second prong. Well, first and second prong, whether there's any error at all. And whether or not the, the argument there is, is plain error given the court's precedent here. And I do want to clarify one thing. Mr. Rhodes refers to the fact that, that, that the prior cases referred to criminal street gangs and that that has a statutory definition. It's important to note that the court in both, both Vega and Solero made clear that the fact that there was a statutory definition didn't, was not crucial to their decision. What was crucial to their decision was the fact that the term was, had, had an understandable meaning to, to the, to the common average person. So given that language in those cases and given the language in Evans, I just don't think you can find plain error here. And if the court has no further questions, I'll yield back the rest of my time. Do any of my colleagues have additional questions? No, thank you. No. Okay. Thank you, Mr. Satarka. All right. Mr. Rhodes, you have one minute. Thank you, Your Honor. I'll focus on this court's case law. Vega, the specified gang was the Harpsies gang, Soterra. It was the Del High Street gang, Del Soterra, in Soterra. The court held disruptive group to be unconstitutional, overbroad. We think that's analogous. Washington clearly said gang is overbroad. Vega provides a lack of notice. With respect to Evans. If, if, if we are, under your analysis, supposed to review this de novo as a pure issue of law, it's a constitutional issue where you're attacking the provision as facially unconstitutional or constitutional as applied to your client? Well, it's constitutional writ large, but specific to him because it's vague and overbroad and provides a lack of notice and then delegates to the probation office. And again, to the prosecutor, ultimately determining what they think it means. If I can talk quickly about Evans. First, as Judge Kristen noted, the phrase, any other gang immediately followed the down below gang. So there was context. Second, Evans didn't even challenge the lawfulness of that probation or prohibition. The analysis on Evans isn't relevant here. It went to the qualifier. No connection whatsoever. So Evans skipped past the lawfulness of the condition because it specified the down below gang. We'd ask that the court vacate and remand for the court, the lower court to impose a lawful condition of release, specifically identifying the game that Mr. Camarena is prohibited from associating with. All right. Thank you both for your arguments. This matter will stand submitted.
judges: Callahan, Christen, Rakoff